# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,** | |
| Plaintiff, | Civil Action No.: |
| v. | |
| **ALL AMERICA INSURANCE COMPANY,** | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Now comes Travelers Property Casualty Company of America ("Travelers"), by and through counsel, and for its Complaint for Declaratory Judgment, states as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action in which Travelers seeks a declaration that All America Insurance Company ("All America") owes a duty to defend Whiting-Turner Contracting Company ("Whiting-Turner") in connection with an underlying tort lawsuit filed by Linda Barniskis and Edward Barniskis captioned *Linda Barniskis and Edward Barniskis, married v. AMC Brick Plaza 10, et al.*, pending as Docket No. OCN-L-11-28-20 in the Superior Court of New Jersey,

1

Law Division, Ocean County (the "Underlying Lawsuit"). A copy of the Barniskis' Fourth Amended Complaint is attached hereto as **Exhibit "A"**.

## PARTIES

2. Travelers is an insurance company incorporated in Connecticut with its principal place of business in Connecticut.

3. All America is, upon information and belief, an insurance company incorporated in Ohio with its principal place of business in Ohio.

## JURISDICTION AND VENUE

4. An actual justiciable controversy exists between the parties pursuant to the U.S. Constitution and 28 U.S.C. § 2201 as to whether All America owes a defense to Whiting-Turner in connection with the Underlying Lawsuit.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Travelers is a citizen of Connecticut, while All America is a citizen of Ohio, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, namely that the insurance policy under which Travelers alleges that All America owes a defense to Whiting-Turner was issued to G & F

Group LLC ("G & F") at 230 Industrial Park Road, Baldwin, Georgia, which is located in Habersham County in this judicial district.

## THE INSURANCE POLICIES

7. Travelers issued Policy No. VTC2J-CO-5788B20A-TIL-19 to Whiting-Turner for the policy period running from August 1, 2019 through August 1, 2020 (the "Travelers Policy"). A copy of the Travelers Policy, with premium information redacted, is attached hereto as **Exhibit "B"**.

8. All America issued Policy No. CLP 9895014 11 to G &F and others for the policy period from December 3, 2018 to December 3, 2019 (the "All America Policy"). A copy of the All America Policy, with premium information redacted, is attached hereto as **Exhibit "C"**.

9. Among other things, the All America Policy contains Commercial General Liability Coverage Form, Form CG0001 04 13, which provides coverage for those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" that occurs during the policy period and is caused by an "occurrence." *See Exhibit "C".*

10. The All America Policy also contains General Liability Plus Endorsement, Form 8-1889 07 14, which contains Section B. Additional Insured – Owners, Lessees, or Contractors – Automatic Status (not applicable to Employee Benefits Liability Coverage). *See Exhibit "C".*

3

11. The All America Policy also contains Amendment of Primary and Excess Provisions, Form 8-1834 12 04. *See Exhibit "C"*.

12. The All America Policy also contains Primary and Noncontributory – Other Insurance Condition, Form CG2001 04 13. *See Exhibit "C"*.

## THE PROJECT

13. In 2016, Whiting-Turner performed work on a construction project (the "Project") at an AMC movie theater located at 3 Brick Plaza, Brick, New Jersey (the "Theater").

14. On January 18, 2016, Whiting-Turner entered into a subcontract with G & F for flooring work at the Project (the "Subcontract"). A copy of the Subcontract is attached hereto as **Exhibit "D"**.

15. The Subcontract includes Exhibit A, Insurance, which states, in part, as follows:

> Whiting-Turner, the Owner and other entities as required by the Contract Documents or otherwise required by Owner or Contractor shall be named as an additional insured under the Commercial General Liability, Auto Liability and Umbrella Excess Liability policies of insurance, and special policies listed below if applicable, per standard ISO endorsement forms 2010 (11/85) for Ongoing Operations and Products/Completed Operations, if available, or otherwise per standard ISO endorsement forms 2010 (07/04) for Ongoing Operations and 2037 (07/04) for Products/Completed Operations, or equivalent. Coverage's shall be maintained by Subcontractor for itself and for the additional insureds for a period at least equivalent to the period under which the Contractor is potentially liable for work

4

> performed whether under the Contract Documents and/or at law, whichever period is greater. Such insurance shall include cross-liability coverage as provided under standard ISO forms separation of insured clause. It is expressly agreed and understood by and between Subcontractor and Whiting-Turner that the insurance afforded the additional insureds shall be the primary insurance and that any other insurance carried by Whiting-Turner shall be excess of all other insurance carried by the Subcontractor and shall not contribute with the Subcontractor's insurance. Subcontractor further agrees to provide endorsements on its insurance policies as required to comply with these requirements.

*See Exhibit "D".*

16. The Subcontract also includes Exhibit A Supplemental Information – Additional Insureds and Memo Regarding Common Insurance Certification Oversights, which states, in part, as follows:

> The following entities are required to be listed as Additional Insured's:
>
> 1. The Whiting-Turner Contracting Company (also the Certificate Holder)
>
> 2. American Multi-Cinema, Inc.
>
> 3. Jones Lang LaSalle Americas, Inc.
>
> 4. Fishbeck, Thompson, Carr & Huber, Inc.
>
> 5. Federal Realty Investment Trust

*See Exhibit "D".*

17. On April 21, 2016, G & F executed a Major Commitment Compliance Form indicating that it had procured General Liability coverage for the Project and

5

that "WT" was an Additional Insured for both "Ongoing Operations" and "Completed Operations." "WT" refers to Whiting-Turner. A copy of the Major Commitment Compliance Form is attached hereto as **Exhibit "E"**.

18. In connection with the Project, G & F subcontracted certain work to Midaher Flooring, Inc. ("Midaher").

19. In connection with the Project, G & F subcontracted certain bathroom floor tile installation work to Midaher.

## THE ACCIDENT AND THE UNDERLYING LAWSUIT

20. On November 23, 2019, Linda Barniskis allegedly tripped at the Theater and was allegedly injured.

21. On May 8, 2020, Ms. Barniskis and her husband, Edward Barniskis, filed a lawsuit against Whiting-Turner and others (the "Underlying Lawsuit").

22. In her Answers to Interrogatories provided in the Underlying Lawsuit, Ms. Barniskis provided the following description of her accident:

> On November 23, 2019 at about 5:30 p.m. I was in the ladies room at the AMC Theatre in Brick, NJ. The weather outside was nice as far as I know. At the conclusion of a movie I was in the ladies room. I tripped when my foot got caught on the edge of a tile, which was created as a result of drainage plate being set too deeply into the floor. See photographs, attached. This caused me to fall and suffer a fractured hip.

23. Travelers is defending Whiting-Turner in connection with the Underlying Lawsuit.

24. On October 11, 2021, Travelers wrote to G & F to demand Additional Insured coverage for Whiting-Turner. A copy of Travelers' October 11, 2021 tender correspondence is attached hereto as **Exhibit "F"**.

25. On January 27, 2022, Ms. Barniskis was deposed in connection with the Underlying Lawsuit. At her deposition, she testified that she fell when her heel was caught on the drain in the bathroom of the Theater.

26. On February 23, 2022, Travelers wrote to G &F to again demand Additional Insured coverage for Whiting-Turner. A copy of Travelers' February 23, 2022 tender correspondence is attached hereto as **Exhibit "G"**.

27. In the Underlying Lawsuit, the Barniskis' disclosed an Engineering Report dated March 18, 2022 and prepared by Wayne F. Nolte, Ph.D., P.E. In his report, Dr. Nolte states that "The heel of [Ms. Barniskis'] boot tripped on the elevation differential between the tile floor and the recessed grate causing her to fall forward into the floor" (Report at p. 2). Dr. Nolte also states that work in the area where Ms. Barniskis fell included new tile that was installed by G & F (Report at p. 3-4). Dr. Nolte specifically identifies G & F as one of the parties that caused Ms. Barniskis' accident (Report at p. 12). A copy of Dr. Nolte's Engineering Report is attached hereto as **Exhibit "H"**.

28. On May 31, 2022, the Barniskis' filed a Fourth Amended Complaint in the Underlying Lawsuit. *See Exhibit "A"*.

29. The Fourth Amended Complaint identifies G & F as a defendant in the Underlying Lawsuit. *See Exhibit "A"*.

30. In the Fourth Amended Complaint, Ms. Barniskis alleges, among other things, that, on or about November 23, 2019, the Theater was "owned and/or leased and/or constructed by and/or renovated by and/or operated and/or maintained and/or under the supervision and control of the defendants," including G &F. *See Exhibit "A" at ¶ 1 (Count I)*.

31. In the Fourth Amended Complaint, Ms. Barniskis alleges that she was injured due to unsafe condition on the premises of the Theater, "which condition defendants created, tolerated, maintained, knew of or should have known of…" *See Exhibit "A" at ¶ 3 (Count I)*.

32. In the Fourth Amended Complaint, Ms. Barniskis alleges that the unsafe condition on the premises of the Theater "was due to the negligence of the defendants." *See Exhibit "A" at ¶ 4 (Count I)*.

33. In the Fourth Amended Complaint, Ms. Barniskis alleges that "As a result of the carelessness and negligence of the defendant [*sic*], plaintiff LINDA BARNISKIS, was caused to sustain severe injuries, both temporary and permanent in nature, together with great pain and suffering as well as serious economic loss, and was prevented from transacting lawful business and affairs and had to expend

sums for medical expenses, all of which are expected to continue into the future." *See Exhibit "A" at ¶ 3 (Count I).*

34. On July 18, 2022, Travelers wrote to All America to demand Additional Insured coverage for Whiting-Turner. A copy of Travelers' July 18, 2022 tender correspondence is attached hereto as **Exhibit "I"**.

35. On September 19, 2022, Travelers wrote to All America to request an answer to Travelers' prior tender. On the same day, All America advised that its analysis was not complete. A copy of the e-mail exchange between Travelers and All America on September 19, 2022 is attached hereto as **Exhibit "J"**.

36. On November 8, 2022, All America denied Travelers' tender. A copy of All America's November 8, 2022 denial letter is attached hereto as **Exhibit "K"**.

37. On December 1, 2022, Travelers wrote to All America to ask All America to revisit Travelers' tender for Additional Insured coverage for Whiting-Turner in connection with the Underlying Lawsuit. A copy of Travelers' December 1, 2022 e-mail, Travelers' follow up e-mail dated January 18, 2023, and All America's response dated January 19, 2023 are attached hereto as part of the e-mail string that is **Exhibit "L"**.

38. On or about January 25, 2023, All America reiterated its denial of coverage to Whiting-Turner in a letter to Travelers. A copy of All America's January 25, 2023 denial letter is attached hereto as **Exhibit "M"**.

39. On March 1, 2023, Travelers wrote to All America to ask that All America reconsider Travelers' tender.  On the same day, All America again refused to defend Whiting-Turner by way of delivery by e-mail of a letter dated February 28, 2023.  A copy of the e-mail exchange between Travelers and All America dated March 1, 2023 and All America's denial letter dated February 28, 2023 is attached hereto as **Exhibit "N"**.

40. On March 8, 2023, Travelers wrote to All America to demand that All America defend Whiting-Turner in connection with the Underlying Lawsuit.  On March 23, 2023, All America again refused to defend Whiting-Turner.  A copy of Travelers' e-mail dated March 8, 2023 and All America's email response dated March 23, 2023, along with the denial letter that was attached to All America's March 23, 2023 e-mail, is attached hereto as **Exhibit "O"**.

41. On April 13, 2023, Travelers again wrote to All America to demand that All America defend Whiting-Turner in connection with the Underlying Lawsuit.  A copy of Travelers' April 13, 2023 tender correspondence is attached hereto as **Exhibit "P"**.

## COUNT I – DECLARATORY RELIEF (DUTY TO DEFEND)

42. Travelers repeats and realleges the allegations of the preceding paragraphs as if set forth here in their entirety.

43. All America owes a duty to defend Whiting-Turner in connection with the Underlying Lawsuit.

44. To the extent that Travelers owes a defense to Whiting-Turner, All America's defense obligation is primary to and non-contributory with Travelers' defense.

## COUNT II – EQUITABLE CONTRIBUTION REGARDING DEFENSE FEES & COSTS

45. Travelers repeats and realleges the allegations of the preceding paragraphs as if set forth here in their entirety.

46. To the extent that Travelers owes a defense to Whiting-Turner, All America also owes a duty to defend Whiting-Turner in connection with the Underlying Lawsuit.

47. To the extent that Travelers owes a duty to defend Whiting-Turner, Travelers has paid greater than its share of this entity's defense costs in connection with the Underlying Lawsuit.

48. To the extent that Travelers owes a duty to defend Whiting-Turner, Travelers is entitled to reimbursement from All America for All America's share of defense fees and costs incurred in the defense of Whiting-Turner in connection with the Underlying Lawsuit.

## **PRAYER FOR RELIEF**

Wherefore, Travelers respectfully requests that the Court enter judgment as follows:

a. Finding and declaring that All America owes a duty to defend Whiting-Turner in connection with the Underlying Lawsuit;

b. Awarding Travelers an amount equal to All America's share of defense fees and costs incurred in the defense of Whiting-Turner in connection with the Underlying Lawsuit, in an amount to be established at a post-judgment proceeding;

c. Awarding Travelers the expenses of this litigation pursuant to Ga. Code Ann., § 13-6-11, in an amount to be established at a post-judgment proceeding; and

d. Awarding such other and further relief to Travelers as the Court deems just and proper.

This 25th day of July, 2023.

                    Respectfully submitted,

                **DODSON & ASSOCIATES**

                By: /s/ Stephanie Brown
                    Stephanie F. Brown
                    Georgia Bar No. 299030
                    Attorneys for Plaintiff

DODSON & ASSOCIATES
1000 Windward Concourse #210
Alpharetta, GA 30005

Phone: 678 317 8561
Fax: 844 855 8988
E-mail:  sfbrown@travelers.com

Documents that *cannot* be sent electronically should be mailed to:
P.O. Box 2903
Hartford, CT 06104-2903